FRIESS, Plaintiff and Appellant, vs. CLARK SUPER GAS COMPANY and another, Defendants and Respondents: RADY, Interpleaded Defendant and Appellant.*

*May 25—July 1, 1948.*

---

\* Motion for rehearing denied, with $25 costs, on September 14, 1948.

*John E. O'Brien* of Fond du Lac, for the appellants.
*John P. McGalloway* of Fond du Lac, for the respondents.

FAIRCHILD, J.   Appellants contend that the verdict is in-
consistent and contrary to the undisputed facts.   They con-

tend that if each driver was on the right side of the road as the jury found, the accident would not have happened. They urge that if there were any negligence on Rady's part as to the management and control of his automobile, it would have been immaterial if the truck had not been beyond the center line of the highway.

The evidence is uncontradicted that Rady was traveling on the right side of the road. There is conflicting testimony as to whether or not the truck was. The four occupants of the Rady car testified that the oncoming vehicle was traveling in the middle of the road. That was claimed to be the reason why Rady drove onto the shoulder at his right. Until the Rady car had passed the lights of the other vehicle, the occupants had not been able to tell the nature of the vehicle. At that moment, as they passed the cab part of the truck, they saw the trailer directly in front of them in their lane.

On the basis of this description of the situation by the occupants of the Rady car, it is suggested that the truck had been traveling beyond the center line of the highway, that the driver had turned right to get into his lane but had not done so soon enough to get more than the cab part of the truck into that lane. That is substantially the extent of the evidence which might have entitled a jury to believe the accident occurred as appellants contend.

On the other hand, there is ample evidence to sustain the jury's finding that the truck was being properly operated to the right of the center of the highway. There is the testimony of the driver that he was traveling on the right side of the road. He estimated that his truck did not move more than a foot between the time of the collision and the time he brought it to a stop. He did not move the truck from that position until a police officer, who arrived some time later, had made his investigation. The officer's testimony is that the truck stood about twelve inches to the right of the dividing line, with the trailer appearing to be perfectly in line with the tractor.

He made no criticism as to the truck in his report. Mr. Rady made no comment about the truck being on the wrong side of the road to either the driver of the truck or to the police officer. The evidence thus supports the jury findings that neither the truck nor the automobile was being operated on the wrong side of the road.

Other evidence of what happened entitled the jury to believe that Rady was negligent as to the management and control of his automobile. Under the evidence such negligence is not inconsistent with or made immaterial by the findings that neither driver was failing to operate his vehicle to the right of the center of the highway. Both Rady and Friess testified that the Rady car had been turned off to the right when the truck approached. The driver of the truck testified that when he first saw the Rady car, about five or six truck lengths ahead, one wheel of the car was off the concrete and the driver appeared to be trying to get it back. His testimony was that when the car passed him there was about five feet of space between the car and the truck, with the car's right wheels off the concrete. When he heard a thud and saw through the rear-view mirror the glare of headlights against the truck, he realized that something was wrong and stopped immediately. The front of the Rady car had struck the trailer just in front of its rear wheels. The Rady car was crosswise in the road. Later, in making his investigation, the police officer noticed tracks on the west shoulder of the highway, indicating that wheels had been off the concrete and had skidded as they were being brought back onto the concrete. The skid marks were about fifteen feet in length and seemed to lead to the point of impact. When the marks were pointed out to him, Rady only replied that he didn't know what did happen. The jury was warranted in concluding, as it evidently did, that when the Rady car was brought onto the concrete from the shoulder, it suddenly cut across the highway, striking the trailer. To say that at that moment.

because of negligent management and control, the Rady car was beyond the center line, is not inconsistent with finding that neither driver was negligent in operating his vehicle beyond the center of the highway.

Under these circumstances the jury's verdict is not inconsistent, conflicting, perverse, and contrary to the preponderance of the evidence and the physical facts. The judgment on the verdict must be affirmed.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.